*E-filed on*  7/15/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VEDATECH K.K. and MANI SUBRAMANIAN,<br><br>              Plaintiffs,<br><br>       v.<br><br>CRYSTAL DECISIONS, INC., et al.,<br><br>              Defendants. | No. C-03-04578 RMW<br><br>ORDER TENTATIVELY LIFTING STAY; SETTING HEARING ON DEFENDANTS' MOTION TO DISMISS AND RESETTING HEARING ON ORDER TO SHOW CAUSE |

On July 27, 2004, the court stayed this action pending resolution of the matter between the parties submitted to the English court in April 2003 ("the '03 Action").[1] *See* July 27, 2004 Order, Docket No. 61. After three years without any substantive action in the above-captioned case, the court issued an order to show cause on August 16, 2007 requiring plaintiffs Vedatech K.K. and Mani Subramanian ("Plaintiffs") to appear and show cause why this case should not be dismissed for failure to diligently prosecute. Docket No. 80. By motion and by stipulation of the parties, the hearing was continued multiple times and is now currently set for July 18, 2008.

---

[1] The parties have filed three related actions in the English courts. The court has previously referred to them as the '97 Action, the '01 Action and the '03 Action.

1    On July 11, 2008, defendants Crystal Decisions, Inc., Crystal Decisions (UK) Limited,
2 Business Objects and Susan Wolfe (collectively "Crystal") filed a "Memorandum in Support of
3 Dismissal Pursuant to Order to Show Cause." *See* Docket No. 100.[2]  Thereafter Plaintiffs filed a
4 Status Report in response to the court's show cause order. *See* Docket No. 99.[3]  Both sides' papers
5 seek to inform the court regarding the status of the proceedings in the U.K.

6    Both parties are in agreement that on May 9, 2007 the Honorable Mr. Justice Patten of the
7 High Court of Justice, Chancery Division entered an approved judgment. *See* Decl. Andrew Jones
8 ("Jones Decl."), Ex. A, Docket No. 97.  They are also in agreement that Justice Patten entered an
9 Order for Judgment and Permanent Anti-Suit Injunction which stated, *inter alia*, that the August 30,
10 2002 settlement of proceedings in the High Court of Justice, Chancery Division, numbered
11 HC9706139 is valid and enforceable. *Id.*, Ex. B at 2 ¶ 1.  The Order for Judgment appears to further
12 order Plaintiffs to withdraw or procure the withdrawal of the above-captioned proceedings in this
13 court, in addition to specifying payment of (1) sums owed to Plaintiffs under the settlement and (2)
14 costs of the claim owed to Crystal by Plaintiffs. *Id.* at 3 ¶ 1. The parties disagree, however, as to the
15 finality of that Order for Judgment.  Although Crystal submits an order from the English Court of
16 Appeal stating that Plaintiffs are refused permission to appeal from Justice Patten's May 9, 2007
17 order, *id.* Ex. C, Plaintiffs characterize the May 9, 2007 Approved Judgment as one entered in
18 default and assert that they have submitted two further applications before Justice Patten in the High
19 Court that cause the High Court's judgment to be non-final.  Crystal without explanation only
20 characterizes these requests by Plaintiffs as "applications before Mr. Justice Patten to somehow re-
21 open the order notwithstanding the denial of permission to appeal by the English Court of Appeal."
22 Crystal contends, and Plaintiffs appear to agree, that Justice Patten has issued an order regarding the
23 one of these requests that asks the High Court to set aside a default entered against Plaintiffs for

---

[2] It appears Crystal filed this document multiple times, but the version at Docket No. 100 along with the declaration at Docket No. 97 appear to be the final corrected versions.  Plaintiffs moved to strike the additional versions, *see* Docket No. 104, but that motion is unnecessary.

[3] Plaintiffs also filed a request for a continuance due to hardship.  The court does not find the argument that proceeding with the July 18, 2008 date, originally requested by Plaintiffs, results in a hardship but, as set forth below, continues the hearing for other reasons.

ORDER TENTATIVELY LIFTING STAY;  SETTING HEARING ON DEFENDANTS' MOTION TO DISMISS—No. C-03-04578 RMW
MAG                                        2

failure to pay court costs of $30,000. This denial, which was issued orally at a hearing on June 27, 2008, apparently denies Plaintiffs' requested relief.[4] Plaintiffs assert they intend to appeal this order.

Notwithstanding Plaintiffs' stated intentions to appeal the High Court's June 27, 2008 order, it appears to the court that the UK proceedings have concluded or are nearing their end. Enough time has passed since the court originally ordered Plaintiffs to show cause that further applications to the High Court raise suspicions that Plaintiffs are deliberately stalling the English proceedings. Thus, in accordance with its July 27, 2004 Order, which stayed "this action pending resolution of the matters currently submitted to the English court in the '03 Action," the court will lift the stay in this action effective July 18, 2008. This will permit the court to dismiss this case, should dismissal be appropriate, upon Crystal's motion or for failure of Plaintiffs to show good cause why the action should not be dismissed.

As the court has previously stated, Plaintiffs are cautioned that Vedatech as a corporation cannot proceed without representation. Mr. Subramanian, because he is not a lawyer, may not represent Vedatech. Accordingly, in order to continue to prosecute its claims in this action once the stay is lifted, Vedatech must secure legal representation. *See* May 2, 2005 Order Granting Motion to Withdraw As Attorney, Docket No. 78 at 3 ("Plaintiff is hereby informed that failure to take appropriate action if the litigation stay is lifted may result in serious legal consequences and that as a corporation plaintiff may not appear without counsel. Vedatech is informed that: (1) it may participate in the action only through an attorney; (2) it retains all the obligations of a litigant; and (3) failure to appoint an attorney may lead to an order striking its pleadings or entry of its default. The court will give Vedatech thirty days after the stay is lifted to obtain counsel before the court will dismiss Vedatech's complaint.").

The court agrees that Crystal's request to dismiss this case should be heard on the 35-day notice set forth in N.D. Cal. L.R. 7-2. Accordingly, the court will continue the hearing on this matter from July 18, 2008 to September 12, 2008 at 9:00 a.m.[5] This will also give Vedatech over 30

---

[4] Neither party can provide a copy of the written order at this time as such order is unavailable.

[5] Crystal has requested that no hearing be held on either August 1 or September 5, 2008.

ORDER TENTATIVELY LIFTING STAY; SETTING HEARING ON DEFENDANTS' MOTION TO DISMISS—No. C-03-04578 RMW
MAG                                3

days to secure counsel. At the September 12, 2008 hearing Mr. Subramanian and Vedatech, properly represented, must show good cause why this case should not be dismissed. Absent such a showing this action will be dismissed without further notice. If desired, Crystal may rebrief its "Memorandum in Support of Dismissal" as a motion to dismiss, submitting its opening brief on or before August 8, 2008. In any event, Plaintiffs' opposition will be due on or before August 22, 2008 and Crystal's reply will be due on or before August 29, 2008.

The court's decision to lift the stay is tentative as of the date of this order. The order lifting the stay will become final on July 18, 2008. The court will call this case on its 9:00 a.m. calendar on July 18, 2008. Neither party need appear. However, if any party would like to appear to provide the court with further information or explanation regarding the status of the case or to present argument why the stay should not be lifted, that party may appear in person or may arrange to appear by telephone no later than close of business on Wednesday, July 16, 2008.

DATED:     7/15/08

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

ORDER TENTATIVELY LIFTING STAY; SETTING HEARING ON DEFENDANTS' MOTION TO DISMISS—No. C-03-04578 RMW
MAG                                    4

**Notice of this document has been electronically sent to:**

**Plaintiff:**

Mani Subramanian           prosedefendant@yahoo.com

**Counsel for Defendants:**

Stephen J Kottmeier        sjk@hopkinscarley.com
Tod C. Gurney              tgurney@hopkinscarley.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** ___7/15/08___                    ___/s/ MAG_____
                                             **Chambers of Judge Whyte**

**United States District Court**
For the Northern District of California

ORDER TENTATIVELY LIFTING STAY;  SETTING HEARING ON DEFENDANTS' MOTION TO DISMISS—No. C-03-04578 RMW
MAG                                          5